UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DARRELL HUBBARD, | ) ) ) | |
| Plaintiff, | ) ) ) | |
|  | ) | Civil Action No. 24-CV-12582-AK |
| v. | ) ) | |
| ALKU, LLC, L.A. Care Health Plan | ) ) ) | |
|  | ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT ALKU, LLC'S MOTION TO DISMISS, PLAINTIFF HUBBARD'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS, ALKU'S MOTION TO STRIKE, AND HUBBARD'S REQUEST TO DENY DEFENDANT'S MOTION TO STRIKE**

**A. KELLEY, D.J.**

Plaintiff Darrell Hubbard filed this action against Defendants ALKU, LLC ("ALKU") and L.A. Care Health Plan, alleging breach of contract and unenforceable contractual provisions governing Hubbard's work for L.A. Care Health Plan. ALKU has moved to dismiss all of the claims. For the following reasons, Defendant ALKU's Motion to Dismiss [Dkt. 22] is **GRANTED IN PART** and **DENIED IN PART**, while Hubbard's Motion to Deny Defendant's Motion to Dismiss [Dkt. 27], ALKU's Motion to Strike [Dkt. 34], and Hubbard's Request to Deny Defendant's Motion to Strike [Dkt. 38] are **DENIED AS MOOT**.

**I.     Arbitration Proceedings**

As brief background, prior to commencing the suit before this Court, Hubbard attempted to enjoin arbitration—as required by the agreement signed by both parties—in Massachusetts Superior Court. Vertron Corporation et al. vs. ALKU, LLC. et al., 2484-CV-01983 (Mass.

1

Super. Ct. 2024). The superior court issued an order compelling arbitration and staying the state action. Id. [Dkt. 19]. Following the return to arbitration, Hubbard refused to pay his portion of the arbitration fees and engaged in concerning strategies, and the proceeding was dismissed. Hubbard subsequently filed suit in this Court and ALKU filed the instant Motion to Dismiss.

Several courts have previously allowed cases to move forward, despite orders compelling arbitration, when parties show that they are unable to pay their share of the arbitration fees and have made a good faith effort to participate in arbitration. See generally Tillman v. Tillman, 825 F.3d 1069 (9th Cir. 2016) ("Our decision that Tillman's case may proceed does not mean that parties may refuse to arbitrate by choosing not to pay for arbitration . . . . Here, [] the district court found that Tillman had exhausted her funds and was 'unable to pay for her share of arbitration.'"); Dobbins v. Hawk's Enters., 198 F.3d 715, 716 (8th Cir. 1999) ("[T]he district court held an evidentiary hearing to provide the [plaintiffs] the opportunity to present evidence on their financial condition and inability to pay the arbitration fees. Following the evidentiary hearing, the district court lifted the stay, reopened the case, and found that the arbitration fees precluded the [plaintiffs] from availing themselves of the arbitral forum."); Weiler v. Marcus & Millichap Real Estate Inv. Servs., Inc., 22 Cal. App. 5th 970, 981 (2018) ("[W]hen a party who has engaged in arbitration in good faith is unable to afford to continue in such a forum, that party may seek relief from the superior court.").

Important to the determination, however, is a showing that the party attempting to litigate in court must show that non-payment of arbitration fees was not the result of "'failure, neglect, or refusal' to arbitrate." CellInfo, LLC v. Am. Tower Corp., 506 F. Supp. 3d 61, 71 (D. Mass. 2020) (quoting 9 U.S.C. § 4.1). "[O]nly upon a satisfactory showing that the non-paying party acted in good faith and under a genuine indigency—inadvertently causing the premature

termination of the arbitration proceedings—would lifting a stay and adjudicating in court be appropriate." Id. at 67.  To make a satisfactory showing of indigency, a party must do more than show "empty pockets."  Id.  "Rather, it must show that it diligently arbitrated, that it sought alternative funds but failed, that it attempted to adjust payment, get a discount or delay from the AAA, that it did not drag foot without action, that it made reasonable efforts to arbitrate in good faith."  Id.; see also Pre-Paid Legal Servs., Inc. v. Cahill, 786 F.3d 1287, 1294 (10th Cir. 2015) ("In the arbitration proceeding, Mr. Cahill did not show he was unable to afford payment, ask the arbitrators to modify his payment schedule, or move for an order requiring Pre-Paid to pay his share for him so that arbitration could continue.  Instead, by refusing multiple requests to pay, he allowed arbitration to terminate.").

In the instant matter, Hubbard has yet to make a showing of indigency and the factual allegations regarding Hubbard's behavior during the arbitration proceedings seem to imply bad faith.  Absent more evidence to the contrary, this Court refuses to reward such behavior.  In light of the above, this Court **ORDERS** Hubbard to submit, within thirty (30) days from the date of this order, evidence that in failing to pay the arbitration fees, Hubbard both acted with good faith throughout the arbitration proceedings and is experiencing genuine indigency, showing more than "empty pockets," as described above.  ALKU shall then have fourteen (14) days to respond to Hubbard's filing, if it so wishes.  No additional subsequent reply or sur-reply will be considered.

## II.     The Complaint

As a second matter, despite the fact that complaints brought by pro se litigants, as in this action, are subjected to a lesser scrutiny than that of complaints drafted by attorneys, Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980), Hubbard's Complaint is still insufficiently pled.

While pro se litigants are afforded more latitude in this realm, this latitude "cannot be taken to mean that pro se complaints are held to no standard at all." Sergentakis v. Channell, 272 F. Supp. 3d 221, 224-25 (D. Mass. 2017) (internal quotation marks and citation omitted). In other words, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993).

This Court agrees with ALKU that Hubbard's 71-page Complaint, along with the 168 pages of annotated Exhibits, violate Fed. R. Civ. P. 8(a)(2)'s requirement of a "short and plain statement," as well as Fed. R. Civ. P. 10(b)'s demand that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Thus, this Court **ORDERS** Hubbard to file a proposed amended complaint as an exhibit to the above filing that complies with all Federal Rules of Civil Procedure.

Failure to comply with both of the above orders within the thirty (30) day deadline shall result in a final order of dismissal *with prejudice* of the instant matter.

### III. CONCLUSION

For the foregoing reasons, ALKU's Motion to Dismiss [Dkt. 22] is **GRANTED IN PART** and **DENIED IN PART**, in line with above orders. Hubbard's Motion to Deny Defendant's Motion to Dismiss [Dkt. 27], ALKU's Motion to Strike [Dkt. 34], and Hubbard's Request to Deny Defendant's Motion to Strike [Dkt. 38] are **DENIED AS MOOT**.

As described above, Hubbard is **ORDERED** to submit, within thirty (30) days from the date of this order, evidence that in failing to pay the arbitration fees, Hubbard both acted with good faith throughout the arbitration proceedings and is experiencing genuine indigency. Along

4

with that filing, Hubbard is **ORDERED** to file a proposed amended complaint as an exhibit. Failure to comply with both of these orders within the thirty (30) day deadline shall result in a final order of **DISMISSAL WITH PREJUDICE** of the instant matter.

    **SO ORDERED.**

Dated: April 4, 2025                                                                /s/ Angel Kelley
                                                                                                         Hon. Angel Kelley
                                                                                     United States District Judge