UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARRELL HUBBARD,<br><br>        Plaintiff,<br><br>v.<br><br>ALKU, LLC,<br>L.A. Care Health Plan<br><br>        Defendants. | Civil Action No. 24-CV-12582-AK |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND

**KELLEY, D.J.**

On April 4, 2025, this Court ordered the Plaintiff, Darrell Hubbard, "to submit, within **thirty (30)** days from the date of th[at] order, evidence that in failing to pay the arbitration fees, Hubbard both acted with good faith throughout the arbitration proceedings and is experiencing genuine indigency." [Dkt. 45]. On April 8, 2025, Hubbard filed a Motion for Leave to File an Amended Complaint with Notice of Intent to File a Motion for Summary Judgment [Dkt. 46], along with two declarations: (1) a Declaration of Good-Faith Regarding Arbitration Conduct and (2) a Declaration of Indigency. [Dkts. 47, 48]. On April 22, 2025, the Defendants filed an Opposition. [Dkt. 49]. For the following reasons, Plaintiff's Motion to Amend [Dkt. 46] is **DENIED** and the suit is **DISMISSED WITH PREJUDICE**. Further, Hubbard's Motion for Summary Judgment [Dkt. 50] and Third Motion to Expedite [Dkt. 51] are **DENIED AS MOOT**.

I.  **GOOD FAITH AND INDIGENCY**

As stated in the Court's April 4 Order, "several courts have previously allowed cases to move forward, despite orders compelling arbitration, when parties show that they are unable to pay their share of the arbitration fees and have made a good faith effort to participate in arbitration. . . . Important to the determination, however, is a showing that the party attempting to litigate in court must show that non-payment of arbitration fees was not the result of 'failure, neglect, or refusal to arbitrate.'" [Dkt. 45 at 2] (citations omitted) (quoting CellInfo, LLC v. Am. Tower Corp., 506 F. Supp. 3d 61, 71 (D. Mass. 2020)).

In CellInfo, the Court found that "only upon a satisfactory showing that the non-paying party acted in good faith and under a genuine indigency—inadvertently causing the premature termination of the arbitration proceedings—would lifting a stay and adjudicating in court be appropriate." 506 F. Supp. 3d at 67.  A showing of indigency requires more than "empty pockets." Id.  "Rather, [the party] must show that it diligently arbitrated, that it sought alternative funds but failed, that it attempted to adjust payment, get a discount or delay from the AAA, that it did not drag foot without action, that it made reasonable efforts to arbitrate in good faith." Id.; see also Pre-Paid Legal Servs., Inc. v. Cahill, 786 F.3d 1287, 1294 (10th Cir. 2015) ("In the arbitration proceeding, Mr. Cahill did not show he was unable to afford payment, ask the arbitrators to modify his payment schedule, or move for an order requiring Pre-Paid to pay his share for him so that arbitration could continue.  Instead, by refusing multiple requests to pay, he allowed arbitration to terminate.").

Despite the Court's Order, Hubbard has failed to offer sufficient evidence that he both acted with good faith and is currently experiencing genuine indigency.  As to good faith, Hubbard's declaration, without more, does not provide satisfactory evidence to rebut the

2

Defendants' showing of bad faith in the arbitration process. Hubbard claims that the evidence of his inappropriate statements directed towards the other party, the appointed arbitrator, and the American Arbitration Association, Inc. ("AAA") is a "mischaracterization of [his] conduct[ ]based on selective emails or procedural attacks." [Dkt. 47 at 2]. Yet, he fails to offer documentary evidence to the contrary other than conclusory statements in his declaration. All that remains before the Court is evidence produced by defense counsel, which shows that Hubbard intended to use arbitration as "preparation" for litigation and failed to make reasonable efforts to arbitrate in good faith.

Similarly, Hubbard's claim of genuine indigency is insufficient. Hubbard's declaration [Dkt. 48] only purports to show "empty pockets," which is inadequate. As stated by the Defendants, "H[ubbard] has presented no evidence that he sought alternative funds but failed, that he attempted to adjust payment, or that he attempted to get a discount or appropriate delay from AAA. He has also presented no evidence of any efforts to obtain unemployment benefits or other assistance." [Dkt. 49 at 5]. In light of the above, Hubbard has failed to comply with this Court's Order that he show that he "both acted with good faith throughout the arbitration proceedings and is experiencing genuine indigency." [Dkt. 45].

## II.    THE COMPLAINT

Finally, this Court further found that Hubbard's original Complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. [Id. at 4]. Along with a showing of good faith and indigency, Hubbard was ordered to file an amended complaint that complied with both rules. A review of the Amended Complaint [Dkt. 46] shows that, despite removing language related to summary judgment, no other substantive changes were made to the complaint. The Amended Complaint still "violate[s] Fed. R. Civ. P. 8(a)(2)'s requirement of a 'short and plain

statement,' as well as Fed. R. Civ. P. 10(b)'s demand that '[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.'" [Dkt. 45 at 4] (first quoting Fed. R. Civ. P. 8(a)(2); then Fed. R. Civ. P. 10(b)). Again, Hubbard failed to comply with this Court's April 4 Order. [Id.].

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend [Dkt. 46] is **DENIED** and the suit is **DISMISSED WITH PREJUDICE** for failure to comply with this Court's April 4, 2025 Order. [Dkt. 45]. Further, Hubbard's Motion for Summary Judgment [Dkt. 50] and Third Motion to Expedite [Dkt. 51] are **DENIED AS MOOT**.

**SO ORDERED.**

Dated: January 21, 2026  /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge